[No. 17186.  Department Two.  October 6, 1922.]

THE CITY OF TACOMA, *Appellant,* v. OLYMPIA DOOR COMPANY, *Respondent.*[1]

EMINENT DOMAIN (56)—COMPENSATION—WATER RIGHTS.  In proceedings to condemn all the waters of a stream, a riparian owner of timber lands desiring to use the stream to get the timber to market is not entitled to substantial, but only to nominal, damages, where the stream was not floatable for timber products in its natural state.

APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL.  The granting of a new trial for insufficiency of conflicting evidence to sustain the verdict, will not be disturbed in absence of a showing of abuse of discretion.

NEW TRIAL (24)—GROUNDS—WEIGHT OF EVIDENCE.  The fact that a jury viewed the premises to be taken, is to be considered on motion for a new trial for insufficiency of the evidence, but it is not conclusive.

Appeal from an order of the superior court for Mason county, Wilson, J., entered August 25, 1921, granting a new trial, after the verdict of a jury awarding damages in condemnation proceedings.  Affirmed.

*J. Chas. Dennis, Percy P. Brush,* and *Chas. R. Lewis,* for appellant.

*Frank C. Owings,* for respondent.

MAIN, J.—This is a condemnation action.  The Olympia Door Company, a corporation, was one of the defendants.  The trial before the jury resulted in awarding it only nominal damages.  A motion for a new trial was made and sustained, from which the plaintiff appeals.

On the eleventh day of September, 1920, the city of Tacoma, the appellant, instituted proceedings in the superior court of Mason county for the purpose of

[1]Reported in 209 Pac. 836.

condemning certain lands, water rights, easements, and so forth, necessary in the construction of a hydro-electric generating plant. After adjudication of public use and necessity, the cause came on before a jury for the purpose of determining the compensation and damages to be awarded to the several defendants. The construction of the hydro-electric generating plant involved the erection of the dam which would divert the waters of the north fork of the Skokomish river. The Olympia Door Company, the respondent, owned lands riparian to the river below where the dam would be constructed. Upon these lands was valuable timber, and in logging them the respondent would be able to use the river for the purpose of getting the logs to market if the river was a floatable stream.

The issue is whether the river was floatable in its natural state in a commercial sense. If it was, the respondent would have the right to substantial damages. If not, only nominal damages. The evidence of the appellant was to the effect that the river was not floatable for timber products. The evidence of respondent, if believed by the jury, would sustain a finding that it was floatable.

The sole question, therefore, is whether the trial court, upon this conflicting evidence, abused its discretion in granting the motion for a new trial. The motion was made upon a number of grounds, but was sustained upon specific ground "that the evidence was insufficient to sustain the verdict." It has many times been held by this court that, when the trial court grants a motion for a new trial upon this ground, it cannot be here disturbed unless there was a manifest abuse of discretion. This rule is recognized by the appellant, but the argument is made that the present case is taken out of the rule because of the more convincing charac-

ter of the testimony offered by the appellant, and the further fact that the jury, during the progress of the trial, viewed the river. The fact that the jury· had viewed the river, as is ordinary in such cases, is a proper thing to take into consideration·in determining whether a new trial.should be granted, but it is by no means controlling. It was the duty of the trial judge to grant a new trial if he believed that the verdict was not in accordance with the weight of the evidence and that the verdict returned would result in an injustice. As we view the case, there is nothing in it to take it out *of the ordinary rule* in such cases, and the order granting a new trial will be sustained.

Affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, ·and HOVEY, JJ., concur.